SO ORDERED: September 25, 2019.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ERNEST RONALD WILKINS and | ) |
| ANN MARIE GRISSOM-WILKINS, | ) Case No. 19-03392-JMC-13 |
| | ) |
| Debtors. | ) |
| _____ | ) |

## ORDER SUSTAINING OBJECTION TO PROOF OF CLAIM NO. 4

THIS MATTER comes before the Court on the *Objection to Proof of Claim and Notice of Response Deadline* filed by Ernest Ronald Wilkins and Ann Marie Grissom-Wilkins ("Debtors") on July 31, 2019 (Docket No. 30) (the "Objection"), as to Proof of Claim No. 4 (the "Claim") filed by Augusta Green Homeowners Association, Inc. ("Creditor") on June 3, 2019. The Court, having reviewed the Objection, the Claim, the *Amended Augusta Green Homeowners Association, Inc.'s Opposition to Debtors' Objection to Proof of Claim and Notice of Response Deadline* filed by Creditor on August 15, 2019 (Docket No. 33), having heard the representations of counsel for Creditor and counsel for Debtors at a hearing on September 10, 2019 (the "Hearing"), and being otherwise duly advised, now **SUSTAINS** the Objection.

**Background**

Debtors own real property located at 4425 Mulligan Way, Indianapolis, IN 46268 (the "Property"). The Property is subject to the *Declaration of Covenants, Conditions and Restrictions of Augusta Green* recorded on September 5, 1996 with the office of the Marion County Recorder (the "Declaration"). The Declaration establishes Debtors' obligation to pay assessments to Creditor on an ongoing basis. The Declaration also contains language that purports to provide for a grant by Debtors to Creditor of a lien on the Property to secure assessments that become delinquent because such assessments were not paid on the due date. Declaration, Art. V, § 5.8. Attached to the Claim is a copy of the *Augusta Green Homeowners Association, Inc. Delinquency Policy Resolution* adopted on July 31, 2017 (the "Resolution"). Per its terms, the Resolution sets forth procedures, rules and regulations for the collection of assessments, including unpaid assessments. Neither the Declaration nor the Resolution addresses the recording of a notice of lien pursuant to Ind. Code § 32-28-14-5 and/or -6.

On May 10, 2019, Debtors filed their chapter 13 bankruptcy petition. On June 3, 2019, Creditor filed the Claim asserting a secured claim in the amount of $7,403.73 for unpaid assessments, interest, fees and costs with respect to the Property. Debtors objected to the Claim on the grounds that recordation under Ind. Code § 32-28-14-6 is a requirement for an effective homeowners association ("HOA") lien. Absent recordation, Debtors assert that the Claim should be treated as a general unsecured claim which is deemed satisfied in full upon plan completion and entry of discharge. Creditor contends that the unpaid assessments are a consensual lien against the Property arising from the Declaration and enforced pursuant to the Resolution; and that because recordation is not a requirement of the Declaration or Resolution, Creditor has an effective lien and, therefore, a secured claim, notwithstanding the fact that Creditor did not record a notice of lien.

**Discussion**

The enabling law that allows for an HOA to obtain a lien on a homeowner's real property is set forth in Ind. Code §§ 32-28-14-1 *et seq.* (the "HOA Lien Statute"). The issue raised is whether Creditor may hold a valid enforceable lien without recording a notice provided for in the HOA Lien Statute.

Generally, a consensual lien is created pursuant to an applicable statutory scheme. So, in Indiana, (1) consensual liens on personal property ("security interests") are generally created and perfected pursuant to Article 9 of the Uniform Commercial Code ("UCC"), Ind. Code §§ 26-1-9.1-101 *et seq.*; and (2) consensual liens ("mortgage liens") on real property are generally created and perfected under provisions of Article 29 of Title 32 of the Indiana Code. HOA consensual liens are created and perfected pursuant to the HOA Lien Statute. Under the statutory schemes alluded to above, statutes generally govern when a lien (1) attaches to the collateral (personal or real property); and (2) is perfected for purposes of establishing priority between the lienholder and others claiming an interest in the collateral.

The concepts of *attachment* of a lien and the lien's *perfection* are distinct and are used for very different purposes under Indiana's statutory schemes relating to liens. For example, under Article 9 of the UCC, a security interest (*e.g.* lien) provided for under a security agreement attaches to the collateral pursuant to Ind. Code § 26-1-9.1-203. However, an attached enforceable security interest is generally not fully enforceable against a third party claiming an interest in the collateral absent perfection. Perfection in personal property is generally accomplished under Article 9 of the UCC by the proper recording of a financing statement or UCC-1. *See* Ind. Code § 26-1-9.1-310.

In the statutory scheme established by the HOA Lien Statute, (1) effectiveness and attachment of a lien are governed by Ind. Code §§ 32-28-14-5(a) and -6; and (2) perfection

establishing rights and priorities vis-à-vis third parties is governed by Ind. Code §§ 32-28-14-5(b) and -7.  Sections 5(a) and 6 clearly provide that an HOA lien does not attach or become "effective" as to anyone (including the homeowner) unless and until the HOA properly records a notice described by section 5(c) in the office of the county recorder.

Bankruptcy Code § 502(b)(1) provides that a claim will be disallowed to the extent it "is unenforceable against the debtor and property of the debtor, under … applicable law …".  Here, a lien on the Property in favor of Creditor has not attached or become effective because Creditor did not record a notice of lien as required by Ind. Code §§ 32-28-14-5 and -6.  Therefore, the Claim is disallowed as a secured claim and allowed as a general unsecured claim to the extent owing under the Declaration.[1]

Said another way, although the Declaration purports to grant a lien upon delinquency, Indiana's HOA Lien Statute clearly and expressly provides that any such lien does not become effective or attach to a homeowner's real property unless and until a proper notice meeting the statutory requirements is recorded in the county recorder's office.  Recordation of the notice is not solely done to establish priority vis-à-vis third parties; it is necessary to create a lien on a homeowner's property.

Because there is no effective lien on the Property, Debtor's Objection is SUSTAINED.  The Claim is DISALLOWED as a secured claim and ALLOWED as a general unsecured claim.

IT IS SO ORDERED.

# # #

---

[1] Alternatively, the Court would reach the same conclusion on the theory that a trustee has the power as a hypothetical *bona fide* purchaser (*see* Ind. Code § 32-28-14-7(b)(2)) to avoid an unperfected lien under Bankruptcy Code § 544(a)(3).  In that case, the unperfected lien claim would be disallowed under Bankruptcy Code § 502(d).